## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**FREDDIE ROSS, JR.**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 18-11277**

**WILBERTO DEJARNETTI**                                  **SECTION: "G"(4)**

## ORDER AND REASONS

Plaintiff Freddie Ross, Jr. ("Plaintiff") brings this action against Defendant Wilberto Dejarnetti ("Defendant") pursuant to the United States Copyright Act, 17 U.S.C. § 101, to declare Plaintiff's rights in connection with specific sound recordings, musical compositions, and choreographic works.[1] Before the Court is Defendant's "Motion to Dismiss under Rule 12."[2] Considering the motion, the memorandum in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

### A.    *Factual Background*

According to the Complaint, Plaintiff is a recording actor, author, and performer known as "Big Freedia."[3] Plaintiff and Defendant allegedly worked together on various aspects of Plaintiff's entertainment career.[4] Specifically, the parties allegedly collaborated to create stage

---

[1] Rec. Doc 1 at 1.

[2] Rec. Doc. 16.

[3] Rec. Doc. 1 at 1.

[4] *Id.* at 2.

1

choreography for Plaintiff's songs, including "Just Be Free Intro," "NO Bounce," "Explode," "Shake Session Medley," "Dangerous," "Best Beeleevah," and "Drop" (collectively, the "Choreographic Works").[5] Plaintiff also allegedly allowed Defendant to direct and film a number of music videos (collectively, the "Music Videos").[6] Plaintiff asserts that he paid thousands of dollars for Defendant's services in connection with the Choreographic Works and the Music Videos.[7]

Furthermore, Plaintiff asserts that Defendant sought to involve himself in Plaintiff's songwriting sessions.[8] According to Plaintiff, Defendant would typically arrive at the recording studio uninvited and offer unsolicited opinions concerning Plaintiff's music.[9] Defendant's behavior allegedly resulted in Plaintiff terminating the parties' working relationship.[10] When Defendant learned that Plaintiff intended to terminate the parties' relationship, Defendant supposedly started making "outlandish claims and demands" to Plaintiff—including receiving credit as a co-author and producer of certain songs, namely "Training Day," "Best Beeleevah," "You Already Know," and "$100 Bills" (collectively, the "Musical Works).[11]

Yet, according to Plaintiff, Defendant "contributed nothing to the Musical Works that

---

[5] *Id.*

[6] *Id.* at 3, 6.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3–4.

would come close to copyrightable subject matter."[12] Plaintiff seeks a declaratory judgment concerning his ownership rights in the Choreographic Works and Musical Works.[13] Plaintiff also seeks to recover damages resulting from Defendant's alleged breach of contract in connection with the Music Videos.[14]

**B.   *Procedural Background***

On November 20, 2018, Plaintiff filed a complaint against Defendant in this Court.[15] Yet Plaintiff encountered difficulty serving the Complaint upon Defendant. On December 10, 2018, a summons was issued as to Defendant.[16] On February 19, 2019, Plaintiff filed an *ex parte* motion for an additional sixty days to effect service on Defendant.[17] In that motion, Plaintiff stated that a copy of the summons and complaint were mailed via certified mail to Defendant's address in Studio City, California, but the United States Post Office's tracking information did not indicate the mailing was delivered.[18] On February 20, 2019, this Court held that Plaintiff had demonstrated good cause for failure to timely serve Defendant and granted Plaintiff an additional sixty days to serve Defendant.[19]

On April 19, 2019, Plaintiff filed a second *ex parte* motion for an additional sixty days to

---

[12] *Id.*

[13] *Id.* at 4–5.

[14] *Id.* at 6.

[15] *Id.* at 1.

[16] Rec. Doc. 4.

[17] Rec. Doc. 6.

[18] Rec. Doc. 6-1 at 1–2.

[19] Rec. Doc. 7.

effect service on Defendant.[20] In that motion, Plaintiff stated he diligently pursued serving Defendant by hiring a licensed private investigator.[21] Plaintiff further stated that Defendant's address in Studio City, California, was not a studio apartment.[22] Instead, that address was for a private postal box that had been closed in 2018.[23] Plaintiff represented that the private investigator sent requests to the Office of Motor Vehicles in California and Louisiana seeking Defendant's address.[24] On April 22, 2019, this Court again found that Plaintiff had demonstrated good cause for failure to timely serve Defendant and granted Plaintiff an additional sixty days to serve Defendant.[25]

On June 7, 2019, Plaintiff filed an *ex parte* "Motion to Effect Service Through Alternative Means" seeking an order permitting service of process on Defendant through digital means in accordance with Federal Rule of Civil Procedure Rule 4(e)(1) and Section 413.30 of the California Code of Civil Procedure.[26] On August 23, 2019, the Court granted Plaintiff's "Motion to Effect Service Through Alternative Means."[27] On September 5, 2019, a summons issued to Defendant was returned as executed.[28]

---

[20] Rec. Doc. 8.

[21] Rec. Doc. 8-1 at 2.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] Rec. Doc. 9.

[26] Rec. Doc. 10.

[27] Rec. Doc. 11.

[28] Rec. Doc. 12.

On October 16, 2019, Defendant filed the instant motion to dismiss.[29] On October 29, 2019, Plaintiff filed an opposition to the instant motion.[30]

## II. Parties' Arguments

### A.   *Defendant's Arguments in Support of the Motion to Dismiss*

Defendant makes three principal arguments in support of the instant motion.[31] First, Defendant argues that this Court lacks subject matter jurisdiction over this case because no claim raised in the Complaint arises under federal copyright law.[32] Specifically, Defendant argues that the Complaint neither mentions copyright infringement nor alleges that Defendant threatened any action under copyright law.[33] Further, Defendant contends that the Complaint does not allege that either party has applied for or obtained any copyright registration for the Musical Works and Choreographic Works.[34] Instead, according to Defendant, the dispute between the parties concerns merely a breach of contract claim under state law, which is insufficient to establish federal question jurisdiction.[35]

Second, Defendant argues that Plaintiff's declaratory judgment claims are not justiciable because no "actual controversy" exists between the parties.[36]  Defendant states that the "works"

---

[29] Rec. Doc. 16.

[30] Rec. Doc. 20.

[31] Rec. Doc. 16-1.

[32] *Id.* at 2.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* at 3.

at issue here are unpublished with no accompanying application for copyright registration.[37] Defendant argues that "[a]nything might  happen": Plaintiff may re-choreograph and re-record the works at issue without Defendant's help or Plaintiff may apply for and receive copyright registrations involving the works at issue.[38] Because the "works" are not ripe for release or publication, Defendant contends this Court should refuse to determine any rights to vaguely identified "subject-to-change potential property."[39]

Finally, Defendant argues that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(7) because Plaintiff fails to join necessary parties under Federal Rule of Civil Procedure 19.[40] Defendant claims the actual parties to this litigation are Big Freedia Enterprises LLC and METIF, LLC.[41] According to Defendant, because joinder of these necessary parties would destroy diversity, the question for the Court is "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[42] Defendant claims a judgment rendered in the actual party LLC's absence would be inadequate and prejudice Defendant.[43] Further, if this action were dismissed for nonjoinder, Defendant claims the Plaintiff would have an adequate remedy in a properly constituted action in a proper forum.[44] Therefore, Defendant concludes the Court should dismiss the Complaint under Rule

---

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.* at 4.

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.*

12(b)(7) for failure to join a necessary party under Rule 19.[45]

**B.    *Plaintiff's Arguments in Opposition to the Motion to Dismiss***

Plaintiff makes three principal arguments in opposition to the instant motion.[46] First, Plaintiff argues that the request for a declaratory judgment, concerning determination of copyright ownership for the Musical Works and Choreographic Works, arises under the federal Copyright Act.[47]

With respect to the Musical Works, Defendant allegedly demands credit as a co-author of the Musical Works.[48] But Plaintiff argues that Defendant did not make any contributions of copyrightable expression.[49] As to the Chorographic Works, Defendant allegedly demands that Plaintiff cease using the Choreographic Works or otherwise compensate Defendant to use the Choreographic Works.[50] But Plaintiff argues that he is a co-author of the Choreographic Works and entitled to use them without Defendant's permission.[51] Therefore, because the Court must determine the ownership status of each party, Plaintiff concludes that his declaratory judgment claims arise under the Copyright Act's authorship provisions and thus provide this Court with subject matter jurisdiction.[52]

Second, Plaintiff argues that his declaratory judgment claims, concerning authorship rights

---

[45] *Id.* at 5.

[46] Rec. Doc. 20.

[47] *Id.* at 5–6.

[48] *Id.* at 5.

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id.* at 5–8.

in the Musical Works and Choreographic Works, is a justiciable question.[53] Plaintiff argues that the parties' ownership disputes (as discussed above) involve a substantial controversy of sufficient immediacy and reality.[54] Indeed, Plaintiff notes that Defendant has aggressively threatened litigation, demanded compensation, and filed suit against Plaintiff in California for breach of contract in connection with the Music Videos.[55]

Third, Plaintiff argues that the Complaint should not be dismissed for a failure to join necessary parties under Rule 19.[56] Plaintiff claims that Defendant never specifically stated the person or entity who contracted on Defendant's behalf.[57] Plaintiff notes that the parties never entered into a written contract.[58] According to Plaintiff, Defendant demanded payment for his services using a plethora of professional names—including "Berto," "Wilberto Lucci," "W. Lucci," "Metif," "Scorpio," "Senor Berto," "Brandeaux," and "Bert Company."[59] For these reasons, Plaintiff contends that it would be premature to deem "Metif, LLC" a necessary party without additional discovery.[60] Accordingly, Plaintiff concludes the Complaint may not be

---

[53] *Id.* at 8–12.

[54] *See id.* at 11, 15.

[55] *See id.*

[56] *Id.* at 13.

[57] *Id.* at 14.

[58] *Id.* at 14.

[59] *Id.* at 15.

[60] *Id.* Yet, even if Metif, LLC is a necessary party, Plaintiff contends the Court would still have original jurisdiction under 28 U.S.C. 1338(a) to declare the authorship of the Musical Works and the Choreographic Works. *Id.* at 16. Therefore, diversity jurisdiction under 28 U.S.C. § 1332 would be unnecessary. *Id.* Consequently, Plaintiff concludes the addition of "Metif, LLC" would not divest the Court of subject matter jurisdiction. *Id.*

dismissed under Rule 12(b)(7) for failure to join a necessary party.[61]

### III. Legal Standard

**A.    *Legal Standard on a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction***

A motion to dismiss filed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction must be considered by the court "before any other challenge because the court must find jurisdiction before determining the validity of a claim."[62] Federal courts are considered courts of limited jurisdiction and, therefore, absent jurisdiction conferred by statute, federal courts lack the power to adjudicate claims.[63] If a federal court lacks subject matter jurisdiction, it should dismiss without prejudice.[64]

The standard of review for a Rule 12(b)(1) motion to dismiss turns on whether the defendant has made a "facial" or "factual" jurisdictional attack on the Complaint.[65] A defendant makes a "facial" jurisdictional attack by merely filing a motion under Rule 12(b)(1) challenging the court's jurisdiction.[66] Under a facial attack, the court is only required to assess the sufficiency of the allegations contained in the plaintiff's complaint, which are presumed to be true.[67] On the other hand, a "factual" attack is made by providing affidavits, testimony, and other evidentiary

---

[61] *Id.*

[62] *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.1994) (internal citation omitted).

[63] *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

[64] In re *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010).

[65] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[66] *Id.*

[67] *Id.*

materials challenging the court's jurisdiction.[68]

A "district court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[69] In ruling, the court may rely upon any of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[70]

### B.    *Legal Standard on a Rule 12(b)(7) Motion to Dismiss for Failure to Join*

Federal Rule of Civil Procedure 12(b)(7) allows a party to bring a motion to dismiss a complaint for failure to join a party under Rule 19.[71] Proper joinder under Rule 19 is a two-step process. First, the court must decide if the absent party is a necessary party to the action under Rule 19(a).[72] Under Rule 19(a), a party is "necessary" if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Second, if the absent party is a necessary party, but its joinder is not feasible, the court must decide whether the absent party is an "indispensable" party to the action under Rule 19(b).[73] Factors to consider under Rule 19(b) include "(1) prejudice to an absent party or others in the

---

[68] *Id.*

[69] *MDPhysicians*, 957 F.2d at 181.

[70] *Id.* at 181 n. 2.

[71] See Fed. R. Civ. P. 12(b)(7).

[72] See Fed. R. Civ. P. 19(a).

[73] See Fed. R. Civ. P. 19(b).

lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed."[74]

## IV. Law and Analysis

### A.   *Whether the Complaint should be Dismissed for lack of Subject Matter Jurisdiction*

Defendant argues that the Court lacks subject matter jurisdiction over this case for two reasons.[75] First, Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff's declaratory judgment claims do not arise under the Copyright Act.[76] Second, Defendant argues that even if such claims do arise under the Copyright Act, Plaintiff's declaratory judgment claims do not entail an "actual controversy" and thus are not justiciable.[77] The Court addresses each of these issues in turn.

### 1.   Whether Plaintiff's declaratory judgment claims arise under the Copyright Act.

Federal courts have exclusive jurisdiction over actions arising under the Copyright Act.[78] There are three ways for an action to arise under the Copyright Act: (1) "the complaint is for a remedy expressly granted by the Act"; (2) the complaint "asserts a claim requiring construct[ion] of the Act"; or (3) the complaint "presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."[79] Plaintiff neither argues that he seeks

---

[74] *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997) (citing Fed. R. Civ. P. 19(b))

[75] Rec. Doc. 16-1.

[76] *Id.* at 2.

[77] *Id.* at 3.

[78] 28 U.S.C. § 1338(a).

[79] *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964). The mere fact that a contract involves a dispute as to who owns the copyright does not implicate the Copyright Act. Indeed, "[t]he general interest that copyrights, like all other forms of property,

a "remedy expressly granted by the [Copyright] Act" nor argues that "a distinctive policy of the [Copyright] Act requires that federal principles control the disposition of the claim."[80] Instead, Plaintiff argues that his declaratory judgment claims require construction of the Copyright Act's ownership provisions.[81]

Section 101 of the Copyright Act defines pertinent terms for ownership, including "copyright owner" and "joint work."[82] Section 201 of the Copyright Act instructs when a copyright vests in an author and provides the ownership status of authors in joint works.[83] Section 201(a) states: [C]opyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are coowners of a copyright in the work." Declaratory judgment claims requiring application and interpretation of the Copyright Act's ownership provisions, including Sections 101 and 201, are sufficient to establish federal question jurisdiction.[84]

For instance, in *Goodman v. Lee*, the plaintiff sought a declaratory judgment that the song "Let The Good Times Roll" was a joint work within the meaning of the Copyright Act's

---

should be enjoyed by their true owner is not enough" to allege a wrong delineated by the Copyright Act. *Id.*

[80] Rec. Doc. 20.

[81] *Id.* at 6–7.

[82] 17 U.S.C. § 101.

[83] 17 U.S.C. § 201.

[84] *See, e.g.*, *Goodman*, 815 F.2d at 1032 (finding federal jurisdiction where a declaratory judgment request alleged that plaintiff was an actual joint co-author of a song); *Merchant v. Levy*, 92 F.3d 51, 55–56 (2d Cir. 1996) ("[C]opyright ownership by reason of one's status as co-author of a joint work arises directly from the terms of the Copyright Act itself."); *Beardmore v. Jacobson*, No. 4:13–CV–361, 2014 WL 3543726, at *3 (S.D. Tex. July 14, 2014) ("Cases commonly arising under the Act involve determinations of a work's ownership or authorship.").

ownership provisions.[85] Simply put, the plaintiff requested credit as a co-author of the song.[86] The Fifth Circuit held that Plaintiff's declaratory judgment claim "involve[d] the application and interpretation of the copyright ownership provisions of 17 U.S.C. § 201(a)" because she alleged authorship of the song.[87] Therefore, the Fifth Circuit held that the plaintiff's claim arose under the Copyright Act and, in turn, the district court had federal question jurisdiction.[88]

By contrast, ownership of a copyright involves only a state law question if the disputed ownership hinges on the terms of a contractual agreement.[89] For example, in *T.B. Harms Co.*, the Second Circuit analyzed whether federal question jurisdiction existed to resolve an ownership dispute over four copyrighted songs written for a movie pursuant to a contract.[90] The Second Circuit reasoned that an ownership dispute over a copyright presents a state law contract question—not a federal copyright question—when ownership depends on interpreting the parties' contract.[91] Thus, the mere fact a case concerns a copyright is not sufficient to establish federal question jurisdiction.[92]

Here, Plaintiff seeks a declaration of authorship for the Musical Works and Choreographic Works.[93] First, as to the Musical Works, the Complaint states that Defendant never made

---

[85] *Goodman*, 815 F.2d at 1031.

[86] *Id.*

[87] *Id.* at 1031–32.

[88] *Id.* at 1032.

[89] *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 824 (2d Cir. 1964).

[90] 339 F.2d at 824.

[91] *Id.* at 826.

[92] *Id.* at 825.

[93] Rec. Doc. 1 at 4–5.

copyrightable contributions to the Musical Works, but he continues to request credit and royalties as an author and producer of the Musical Works.[94] Similar to the plaintiff's request in *Goodman* to be deemed a co-author, the Complaint here seeks "a declaration from the Court that [Defendant] is not a joint author of the Musical Works."[95] Further, unlike the state law contract question in *T.B. Harms*, the Complaint never alleges that ownership of the Musical Works involves any contract between the parties.[96] Defendant does not attempt to prove otherwise.[97] Therefore, because the question involves whether a party is a co-author of a potential joint work within the meaning of the Copyright Act, Plaintiff's declaratory judgment claim "involves the application and interpretation of the copyright ownership provisions of 17 U.S.C. § 201(a)."[98] Accordingly, Plaintiff's declaratory judgment claim arises under the Copyright Act.

Second, as to the Choreographic Works, the Complaint states that each party "worked together with [Plaintiff's] dancers to create the Choreographic Works."[99]  The Complaint alleges that the parties' "respective contributions to the Choreographic Works were merged into inseparable or interdependent parts of a unitary whole."[100] Yet, according to the Complaint, Defendant is demanding that Plaintiff cease using the Choreographic Works unless Plaintiff

---

[94] *Id.* at 5.

[95] *Id.*

[96] *See generally id.*

[97] Rec. Doc. 16-1. Defendant does argue that the Music Videos involve a contract question under state law, but he never provides any evidence that the Musical Works involve a contract question under state law. *Id.*

[98] *Goodman*, 815 F.2d at 1032; *see also Hill Country Tr. v. Silverberg*, No. 1:18-CV-635-RP, 2018 WL 6267880, at *4 (W.D. Tex. Nov. 28, 2018).

[99] Rec. Doc. 1 at 5.

[100] *Id.*

provides compensation to Defendant.[101] The Complaint requests that this Court "declare that [Plaintiff] is entitled to continue using the Choreographic Works [as a joint author] without further interference from [Defendant]."[102] Although Plaintiff concedes that the parties entered into a contract regarding choreography services, Plaintiff argues that neither the Complaint nor the Defendant's Motion to Dismiss alleges that the parties' contract involved ownership of the copyright attendant to the Choreographic Works at issue here.[103] Defendant fails to offer any evidence demonstrating otherwise.[104] Instead, similar to the plaintiff's request in *Goodman* to be deemed a co-author, Plaintiff seeks a determination that he is a co-author of the Choreographic Works under the Copyright Act.[105]

Therefore, because the Complaint involves whether a party is a co-author of a potential joint work within the meaning of the Copyright Act, Plaintiff's claim "involves the application and interpretation of the copyright ownership provisions of 17 U.S.C. § 201(a)."[106] Accordingly, Plaintiff's declaratory judgment claim arises under the Copyright Act.[107]

---

[101] *Id.* at 4–6.

[102] *Id.* at 6; Rec. Doc. 20 at 5.

[103] Rec. Doc. 20 at 7–8.

[104] Rec. Doc. 16-1.

[105] Rec. Doc. 1 at 5–6. The Complaint does not mention any interpretation of any contract regarding the Choreographic Works. *Id.* Plaintiff's allegations are considered true when, as here, the Defendant makes only a "facial attack" upon the Complaint under Rule 12(b)(1). *Paterson*, 644 F.2d at 523.

[106] *Goodman*, 815 F.2d at 1032; *see also Hill*, 2018 WL 6267880, at *4.

[107] To the extent that Defendant contends Plaintiff's lawsuit is barred by 17 U.S.C. § 411(a) because Plaintiff does not have copyright registration to the Musical Works and Choreographic Works, Defendant's argument is mistaken. Section 411(a) requires that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." Yet Plaintiff is not bringing a copyright infringement claim. Instead, Plaintiff filed a declaratory judgment claim pursuant to 28 U.S.C. § 2201 requesting a declaration regarding authorship of the Musical Works and Choreographic Works. *See Goodman v. Lee*, 815 F.2d 1030, 1031–32 (5th Cir.1987) (joint author sought declaratory judgment of joint authorship); *Gaiman v. McFarlane*, 360 F.3d 644, 648, 652 (7th Cir.2004) (suit for declaration of joint authorship "is not a suit for infringement."); *see also Severe Records v. Rich*,

### 2.        Whether Plaintiff's declaratory judgment claims are justiciable

To analyze whether a district court must decide or dismiss a declaratory judgment suit, the district court must analyze three prongs under Fifth Circuit precedent.[108] First, the district court must consider whether the declaratory action is justiciable—which typically boils down to whether an "actual controversy" exists between the parties.[109] Second, the district must resolve whether it has the authority to grant declaratory relief.[110] Third, the district court must decide whether it should exercise its broad discretion to decide or dismiss the declaratory judgment action.[111] Defendant does not seek dismissal on the second or third prong of the Fifth Circuit's test.[112] Instead, Defendant argues that Plaintiff's declaratory judgment claims are not "justiciable" under the first prong because no actual controversy exists between the parties.[113]

The Declaratory Judgment Act requires an "actual controversy" between parties in a declaratory judgment action.[114] To decide whether a parties' dispute constitutes an "actual controversy," the "question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[115] When

---

658 F.3d 571, 581–82 (6th Cir.2011); *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996) (distinguishing claims of joint authorship and claims of infringement). Accordingly, Section 411(a) is no bar to Plaintiff's declaratory judgment claims.

[108] *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

[109] *Id.* at 896; *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

[110] *Orix*, 212 F.3d at 895.

[111] *Id.*

[112] Rec. Doc. 16-1 at 3.

[113] *Id.*

[114] 28 U.S.C. § 2201(a).

[115] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v.*

evaluating the justiciability of a declaratory judgment suit, a district court must remember to not issue "an opinion advising what the law would be upon a hypothetical set of facts."[116] However, declaratory judgment plaintiffs need not actually expose themselves to liability before bringing suit.[117]

Here, as to the Musical Works, the Complaint states that Defendant requested (1) credit as co-author and producer of the Musical Works and (2) royalties for Plaintiff's use of the Musical Works.[118] When Plaintiff did not acquiesce to such demands, Defendant allegedly became "increasingly aggressive in his demands and legal threats" regarding the Musical Works.[119] Although "threats of legal action, alone, cannot create an actual controversy,"[120] such threats may establish an actual controversy if they are "specific and concrete."[121] Here, the parties have a definite and substantial dispute over ownership rights in the specific Musical Works, and Defendant's threats of legal action give immediacy and concreteness to the parties' controversy. In fact, Defendant has pursued litigation against Plaintiff in California for a breach of contract arising out of the dispute in this litigation, which highlights the immediacy and concreteness of the parties' controversy.[122] Therefore, Plaintiff's request for declaratory relief as to the Musical

---

*Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

[116] *Id.* (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937)).

[117] *Id.* at 129–30.

[118] Rec. Doc. 1 at 5.

[119] *Id.* at 4. Defendant does not challenge or controvert any of these allegations.

[120] *Vantage Trailers*, 567 F.3d at 751.

[121] *Orix*, 212 F.3d at 897.

[122] Rec. Doc. 20-2. The parties' dispute does not entail "an opinion advising what the law would be upon a hypothetical set of facts." *Aetna*, 300 U.S. at 241. Indeed, under similar facts in *Goodman*, the Fifth Circuit implied that "federal district court jurisdiction exists in an action for a declaratory judgment to establish joint authorship of a copyrighted work." *Goodman*, 815 F.2d at 1032.

Works is an "actual controversy" and is justiciable.

For similar reasons, Plaintiff's request for declaratory relief as to the Choreographic Works is an "actual controversy." According to the Complaint, Defendant demands that Plaintiff either (1) "cease using the Choreographic Works" or otherwise (2) pay a fee of $500 per month to continue using the Choreographic Works.[123] When Plaintiff refused Defendant's demands, Defendant allegedly became "increasingly aggressive in his demands and legal threats."[124] For these reasons, Plaintiff requests a declaration that he is a "joint author of the Choreographic Works" and "entitled to make use of the [Choreographic Works] with or without [Defendant's] permission or consent."[125]

Once again, the parties have a definite and substantial dispute over ownership rights in specific Choreographic Works, and Defendant's aggressive demands for compensation and aggressive legal threats to sue give immediacy and concreteness to the parties' controversy. As previously noted, Defendant has pursued litigation against Plaintiff in California for a breach of contract arising out of the dispute in this litigation.[126] The parties' dispute in the instant litigation does not entail "an opinion advising what the law would be upon a hypothetical set of facts.'"[127] Accordingly, Plaintiff's declaratory judgment claim regarding the Choreographic Works is an "actual controversy" and is justiciable.[128]

---

[123] Rec. Doc. 1 at 4–5.

[124] *Id.* at 4. Defendant does not dispute these allegations set forth in the Complaint.

[125] Rec. Doc. 1 at 5.

[126] Rec. Doc. 20-2.

[127] *Aetna*, 300 U.S. at 241.

[128] Further, pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Defendant does not contend that Plaintiff's state law

### B.      Whether the Complaint should be Dismissed for Failure to Join a Necessary Party

Finally, Defendant argues that the Complaint should be dismissed under Federal Rule of

Civil Procedure 12(b)(7) because Plaintiff fails to join necessary parties under Federal Rule of

Civil Procedure 19.[129] The Fifth Circuit instructs district court to conduct a two-step inquiry when

determining whether a case must be dismissed for failure to join an indispensable party.[130] First,

"the district court must determine whether the party should be added under the requirements of

Rule 19(a)."[131] Under Rule 19(a)(1), a person subject to process and whose joinder will not

deprive the court of subject matter jurisdiction should be joined if:

> (A) in that person's absence, the court cannot accord complete relief among
> existing parties; or (B) that person claims an interest relating to the subject of the
> action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest;
> or (ii) leave an existing party subject to a substantial risk of incurring double,
> multiple, or otherwise inconsistent obligations because of the interest.[132]

"[T]he party advocating joinder has the initial burden of demonstrating that a missing party is

necessary."[133] Yet, after "an initial appraisal of the facts indicates that a possibly necessary party

is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder."[134]

Second, "[i]f the necessary party cannot be joined without destroying subject-matter jurisdiction,

---

claims in this litigation are unrelated to the federal copyright claims. Rec.  Doc. 16-1. The Court finds that
Plaintiff's state law breach of contract claim is related to the federal copyright claims and therefore form
part of the same case or controversy. Accordingly, the Court will exercise supplemental jurisdiction over
Plaintiff's state law breach of contract claim.

[129] Rec. Doc. 16-1 at 4.

[130] *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).

[131] *Id.*

[132] *Id.* (quoting Fed. R. Civ. R. 19(a)(1)).

[133] *Id.*

[134] *Id.* (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).

the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party."[135]

Under the first step, Defendant has not met his burden of showing that a necessary party is missing from this litigation. Defendant claims that the actual parties to this litigation are Big Freedia Enterprises LLC and METIF, LLC.[136] As evidence, Defendant points to two checks payable to "Metif" from "Big Freedia Enterprises, LLC."[137] Defendant then alleges, in a conclusory manner, that "judgment rendered in the actual party LLC's absence would prejudice [Defendant]" and "judgment rendered in the LLC's absence would be inadequate."[138] Such conclusory allegations cannot satisfy Defendant's burden of showing that Big Freedia Enterprises LLC and METIF, LLC are necessary parties in this litigation.

Plaintiff's declaration further illustrates that the LLCs may not be necessary parties to this litigation. Indeed, Plaintiff testified in his declaration that the current parties to this litigation do not have any written contract, which makes it difficult to ascertain at this stage of the litigation who the contracting parties were in the oral contract.[139] This is supported by Plaintiff's declaration testimony that Defendant demanded credit for his services under several professional names, such as "Berto," "Wilberto Lucci," "W. Lucci," "Metif," "Scorpio," "Senor Berto," "Brandeaux," and "Bert Company."[140] Further, Plaintiff testified that Defendant submitted invoices to Plaintiff from

---

[135] *Hood*, 570 F.3d at 629.

[136] Rec. Doc. 16-1 at 4.

[137] *Id.* (citing Rec. Doc. 16-2).

[138] *Id.*

[139] Rec. Doc. 20-1 at 1.

[140] *Id.*

several different entities, including "Bert Company," "Wilberto (Bert Company)," and "Bert Company, LLC"—all while instructing that payment be made to "Metif" on these same invoices.[141]

For these reasons, Defendant has not shown that joinder of Big Freedia Enterprises, LLC or Metif, LLC is required under Rule 19. Additionally, even if discovery reveals that the LLCs are necessary parties, dismissal would not be appropriate because joinder of the LLCs would not divest this Court of federal question jurisdiction. Accordingly, Defendant is not entitled to dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7).

### V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Wilberto Dejarnetti's "Motion to Dismiss under Rule 12"[142] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this <u>15th</u> day of April 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[141] *Id.* Defendant presents no evidence to adequately dispute these allegations in Plaintiff's declaration. Noticeably, Defendant filed suit against Plaintiff in California for breach of contract in connection with the same controversy at issue in this litigation.[141] Surprisingly, despite his necessary joinder argument in this litigation, Defendant did not name "Big Freedia Enterprises, LLC" as a party in the California litigation.

[142] Rec. Doc. 16.